IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EZELL EUGENE MINTON | § | |
| | § | |
| V. | § | A-10-CA-466-LY |
| | § | |
| RICK THALER | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

To:    THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 11); and Petitioner's amended response thereto (Document 30). Petitioner, proceeding pro se, has paid the applicable filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

STATEMENT OF THE CASE

A.    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Bastrop County, Texas, in cause number 6464. Petitioner was convicted of aggravated sexual assault, and on November 5, 1984, he was sentenced to 70 years in prison. Petitioner is not challenging his holding conviction in his

habeas corpus application. Rather, Petitioner challenges prison disciplinary case number 20090296795.

On July 1, 2009, Petitioner was notified that he was being charged with the disciplinary offense of sexual misconduct, specifically masturbating in public, alleged to have occurred on June 29, 2009. On July 3, 2009, Petitioner was found guilty of offense code 20.0, sexual misconduct, of the TDCJ-CID Disciplinary Rules and Procedures for Offenders. (Disciplinary Hearing Record ("DHR") at 1). As a result of the disciplinary hearing, Petitioner received 45 days loss of recreation and commissary privileges and a forfeiture of 30 days of good conduct credits. (DHR at 1). Petitioner filed a Step 1 grievance appealing the disciplinary proceeding on July 20, 2009. (Disciplinary Grievance Records ("DGR") at 1). It was denied on August 13, 2009. (DGR at 1-2). Petitioner filed a Step 2 grievance on August 24, 2009, which was denied on September 17, 2009. (DGR at 4, 5).

**B.    Petitioner's Grounds for Relief**

Petitioner raises as grounds for relief:

1. There was insufficient evidence to sustain Disciplinary Hearing Officer ("DHO") Captain Richard A. Avant's finding of guilt;

2. Petitioner was not given at least 24 hours written notice of the claimed violation; and

3. The DHO demonstrated bias against him by:

    a. disallowing the testimony of Petitioner's witnesses;

    b. limiting the cross-examination of the charging officer;

    c. being argumentative and hostile towards the defendant; and

    d. failing to provide a written statement of his decision.

**C.       Exhaustion of State Court Remedies**

Respondent contends Petitioner exhausted his administrative remedies with respect to only his first claim. Respondent argues Petitioner's second and third claims are procedurally barred. Alternatively, Respondent argues all of Petitioner's claims are without merit.

## DISCUSSION AND ANALYSIS

**A.       Exhaustion of Administrative Remedies**

The pending petition is governed by the federal habeas corpus statutes found at 28 U.S.C. § 2254. See, e.g., Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted). The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]" Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. See Preiser v. Rodriguez, 411 U.S. 475, 492, 93 S. Ct. 1827, 1837 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). In fact, the Fifth Circuit has long held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. See Lerma v. Estelle, 585 F.2d 1297, 1299 (5th Cir. 1978).

Nevertheless, a court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2). As explained below, Petitioner's claims are without merit.

**B.      Loss of Good Time Credits**

Petitioner makes clear he is only challenging the loss of good time credits. Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. See Malchi, 211 F.3d at 957-58; Madison, 104 F.3d 765, 768 (5th Cir. 1997). Respondent acknowledges Petitioner is eligible for mandatory supervision.

In Henson v. United States Bureau of Prisons, 213 F.3d 897 (5th Cir. 2000), the Fifth Circuit explained:

> When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements. See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768 (1985) (noting the usual procedural requirements which must be observed – notice, an opportunity to present evidence, and written findings in support of the ruling – and stating that "some evidence" must support the ruling). These requirements are flexible, however, and must necessarily be balanced against legitimate penological interests. See id.; Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision. Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001) (citing Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981)). On federal habeas review of prison disciplinary hearings, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." Smith v. Rabalais, 659 F.2d at 545.

      1.      <u>Notice</u>

The administrative records indicate Petitioner was notified of the disciplinary charge in case number 2009195052 on July 1, 2009, at 2:45 p.m. (DHR at 1). Petitioner's hearing was held on July 3, 2009, at 8:20 a.m. (DHR at 11). Petitioner does not deny that he received notice that he was being charged with masturbating in public. Rather, Petitioner argues he did not receive notice he was being charged with exposure of his genitals. Petitioner contends the charging officer's testimony provided some evidence that he exposed his genitals but no evidence that he masturbated in public. Petitioner fails to give credit to the charging officer's written report, stating she saw Petitioner masturbating. Petitioner was charged with and found guilty of sexual misconduct, specifically masturbating in public. Accordingly, Petitioner received appropriate notice.

      2.      <u>Opportunity to Present Evidence</u>

Petitioner asserts his due process rights were violated when the hearing officer failed to ask the charging officer the complete list of questions he prepared and failed to call any of Petitioner's witnesses. According to Petitioner, he submitted the names of four offenders and one TDCJ correctional officer as his witnesses.

As the Supreme Court explained in <u>Wolff</u>, a prisoner's right to call witnesses and present evidence in the disciplinary hearings could be denied if granting the request would be "unduly hazardous to institutional safety or correctional goals." <u>Id.</u> at 566, 94 S. Ct. at 2974; <u>Baxter v. Palmigiano</u>, 425 U.S. 308 (1976).

> Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the [disciplinary board] to state its reasons for refusing to call a witness,

5

whether it be for irrelevance, lack of necessity, or the hazards presented in the individual cases.

418 U.S. at 566.

In reviewing the disciplinary records in this case, the Court is of the opinion no due process violation occurred with respect to Petitioner's evidence. The records indicate the charging officer was asked several questions prepared by Petitioner. The questions not asked had already been answered. The records further indicate Petitioner did not request any witnesses at the hearing. Instead, Petitioner presented the statements of four offenders and one correctional officer, which statements were read aloud during the hearing. The Court finds Petitioner was permitted to present evidence to the extent due process requires.

    3.    <u>Written Findings in Support of the Ruling</u>

Petitioner does not dispute the fact he received written findings in support of the hearing officer's rulings and findings of guilt. Instead, he argues the written findings should be more detailed. The Court finds the written findings did not violate Petitioner's right to due process.

    4.    <u>Some Evidence</u>

The findings of a prison disciplinary hearing are not subject to review by this court unless they are arbitrary and capricious. <u>Banuelos v. McFarland</u>, 41 F.3d 232, 234 (5th Cir. 1995). In reviewing such findings, the only question before this Court is whether the decision made was supported by "some" evidence. <u>Broussard v. Johnson</u>, 253 F.3d 874, 876 (5th Cir. 2001) (citing <u>Superintendent, Mass. Correctional Inst. v. Hill</u>, 472 U.S. 445, 454, 105 S. Ct. 2768, 2774 (1985)); <u>Black v. Warren</u>, 134 F.3d 732, 734 (5th Cir. 1998).

In reviewing the disciplinary records and disciplinary tape for Petitioner, the Court finds there was "some" evidence to support the hearing officer's finding of guilt. The evidence consists of the

charging officer's report and the charging officer's testimony. (DHR 1). The charging officer's report indicates the officer saw Petitioner masturbating when he was in the rec yard. (DHR 2). In addition, although the recording of the disciplinary hearing was inaudible in places, the charging officer clearly testified she saw Petitioner inches away from the window with his penis out. The charging officer denied Petitioner was urinating. Although Petitioner presented statements from other offenders that he was working out with them at the time in question, the officer's report and testimony is "some" evidence to support Petitioner's disciplinary action.

    5.    <u>Impartial Hearing Officer</u>

Petitioner also alleges the hearing officer was biased. The law is clear a prisoner has a right to have a disciplinary hearing conducted by an impartial decision maker. <u>Wolff</u>, 418 U.S. at 571. However, Petitioner's allegations asserting bias are insufficient to support a disqualification. Petitioner has failed to show the hearing officer in his case was actually biased. There is no indication that Captain Avant had any bias against Petitioner. A review of the tapes and the disciplinary hearing records indicates the hearing officer considered the evidence presented at the hearing and was not predisposed to finding Petitioner guilty.

## RECOMMENDATION

It is recommended that Petitioner's habeas application be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 10th day of February, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE